Trials@uspto.gov                                     Paper 15
571-272-7822                                         Entered: April 17, 2015


UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

3M COMPANY, INC.,
Petitioner,

v.

ANDOVER HEALTHCARE, INC.,
Patent Owner.
_____

Case IPR2014-00630
Patent 6,156,424
_____

Before CHRISTOPHER L. CRUMBLEY, KRISTINA M. KALAN, and BRIAN P. MURPHY, *Administrative Patent Judges.*

KALAN, *Administrative Patent Judge*.


JUDGMENT
Request for Adverse Judgment
*37 C.F.R. § 42.73*

Case IPR2014-00630
Patent 6,156,424

## Introduction

On April 9, 2015, Andover Healthcare, Inc. ("Patent Owner") filed a Request under 37 C.F.R. § 42.73(b)(2) to Cancel Claim 6. Paper 13 ("Req."). On April 10, 2015, 3M Company, Inc. ("Petitioner") requested a conference call to discuss the language of the Request. A call was held among counsel for Patent Owner, Petitioner, and Judges Crumbley, Kalan, and Murphy on April 14, 2015.

## Background

In the present proceeding, we initially denied institution of *inter partes* review on October 20, 2014. Paper 9. Petitioner filed a Request for Rehearing on November 19, 2014. Paper 10. On February 20, 2015, we granted-in-part the Request for Rehearing and instituted *inter partes* review of claim 6 of U.S. Patent No. 6,156,424 ("the '424 Patent"). Paper 11.

Patent Owner, in its April 9, 2015 Request to Cancel Claim 6, indicated that it "requests that claim 6 (only) be cancelled under 37 C.F.R. § 42.73(b)(2)." Req. 2. Patent Owner concluded that, because "*inter partes* review was instituted only for claim 6, with claim 6 cancelled, there are no remaining claims or issues for trial." *Id.*

## Judgment

Under 35 U.S.C. § 42.73(b), a party may request judgment against itself at any time during a proceeding. Actions construed as a request for entry of adverse judgment include "[c]ancellation or disclaimer of a claim such that the party has no remaining claim in the trial." 35 U.S.C. § 42.73(b)(2). Patent Owner has requested cancellation of claim 6 under 35 U.S.C. § 42.73(b)(2) and thus has requested entry of adverse judgment.

2

Case IPR2014-00630
Patent 6,156,424

During the conference call, Patent Owner clarified that the sole purpose of its Request was to cancel claim 6.  In response to a question by the Board, Patent Owner acknowledged that its request to cancel the only remaining claim in this proceeding would result in entry of adverse judgment against Patent Owner.  Patent Owner represented that it was aware that entry of adverse judgment as a result of the cancellation would result in termination of the proceeding.

Given Patent Owner's representations during the call and in its Request as filed, we grant Patent Owner's request to cancel claim 6.  Cancellation of claim 6, the only claim on which we instituted *inter partes* review, will terminate the proceeding.  We make no determination as to claims 1–5, which are not part of this proceeding.

## Motion for Pro Hac Vice Admission

On April 13, 2015, Patent Owner filed a Motion for Pro Hac Vice Admission of Mark Grossman.  Paper 14.  In view of our judgment and termination of the proceeding herein, the Motion for Pro Hac Vice Admission is denied as moot.

## ORDER

Accordingly, it is:

ORDERED that adverse judgment is entered against Patent Owner under 37 C.F.R. § 42.73(b);

FURTHER ORDERED that claim 6 of the '424 patent will be cancelled;

FURTHER ORDERED that this proceeding is terminated; and

Case IPR2014-00630
Patent 6,156,424

FURTHER ORDERED that the Motion for Pro Hac Vice Admission of Mark Grossman is denied as moot.

Case IPR2014-00630
Patent 6,156,424

FOR PETITIONER:

Mark Sweet
mark.sweet@finnegan.com

Erin Sommers
erin.sommers@finnegan.com

FOR PATENT OWNER:

Peter Chiabotti
peter.chiabotti@akerman.com

Mark Passler
mark.passler@akerman.com