
December 28, 2015

Fish & Richardson P.C.
222 Delaware Avenue
Wilmington, DE 19801
302-652-5070

*Via ECF*
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3556

**Douglas E. McCann**
dmccann@fr.com
302 778 8437 direct

Re: *Andover Healthcare Inc. v. 3M Company*, No. 13-843 (LPS) (D. Del.)

Dear Chief Judge Stark:

Andover submitted three expert reports after the deadline without once requesting leave to do so. Nothing in its response changes that fact, and Andover's serial disregard for the Scheduling Order is reason enough to strike its various untimely reports. Andover's excuses fare no better. The fact that one of its experts wanted to conduct "more specific" testing and the other was attempting to backtrack after destroying evidence[1] does not justify its prejudicial conduct.

Andover's response on Dr. Mackay's improper reply is equally unavailing. Right out of the gate, Andover's argument is contrary to Dr. Mackay's own testimony: Andover states that Dr. Mackay performed the *same* tests as 3M's experts when his report actually trumpets the fact that he performed a *different* test. Andover also does not even attempt to address the prejudice that its conduct caused; conduct that is not only prejudicial in this case, but (if allowed) would create powerful incentives for parties to save their "best evidence" for reply reports—after the other side has played its hand. This simply cannot be what the Scheduling Order contemplates, yet it is exactly what Andover has done here and it should not be allowed.

A.  **Andover's Responsive Letter Misrepresents Dr. Mackay's Testing.**

Andover's contention that Dr. Mackay's opinion is premised on the testing 3M's experts performed is misleading. Dr. Mackay's report shows that instead of DSC, which Dr. Mackay criticized, Dr. Mackay's conclusions are based on a different test that he prefers: Modulated Differential Scanning Calorimetry ("MDSC"). (Ex. 6 at 6-10, 30.) Indeed, Dr. Mackay stressed in his report that 3M's experts' use of DSC caused them to "draw unreliable and incorrect conclusions" and that MDSC is a purportedly superior technique. (Ex. 6 at 6, 30 ("MDSC allows one to do this perhaps accounting for why [3M's experts] did not find the sample to be crystalline.").) In other words, Dr. Mackay's conclusions on reply were not based on the same tests 3M's experts performed, but instead on a new method appearing for the first time on reply. Andover does not dispute that it could have performed this testing as part of opening reports, but instead waited until after 3M had fully disclosed its non-infringement and invalidity positions.

B.  **Permitting Andover's Conduct Will Prejudice 3M And Create Bad Incentives.**

Andover's strategy of introducing a new expert and a new test method in reply manipulates the order of proofs and provides Andover with a distinct, unfair advantage. In the typical patent case, a party

---

[1] 3M reserves its right to seek all available relief in connection with this spoliation.

fr.com



with the burden of proof puts forth its case first on the issues for which that party bears the burden: the plaintiff, infringement; the defendant, invalidity. That is what the Court's Scheduling Order in this case requires. (D.I. 53 at 4.) And although the Scheduling Order allows reply reports, it does not contemplate Andover's strategy of sandbagging by introducing a new expert and a new testing method in reply.

The result of Andover's conduct was to allow it to first assess 3M's infringement and invalidity positions, which were fully and timely disclosed, before submitting the bulk of its infringement position. Particularly in patent cases, which often involve careful threading between infringement and invalidity, this provides a distinct advantage. Permitting this one-sided advantage would greatly incentivize parties to adopt a wait-and-see approach to expert discovery, submitting half-baked opening reports and waiting until after an opponent's reports to disclose the basis for their claim.

C.  **The *Helios* Case Is Not On Point.**

Andover's contention that the *Helios* case is "directly on point" falls at the first hurdle. In *Helios*, unlike this case, the Court permitted an expert to submit new testing not submitted in an opening report because it was not "outside the scope of his Opening Report." *Helios Software, LLC v. SpectorSoft Corp.*, 2014 WL 4796111, at *4 (D. Del. 2014.) There was no evidence in *Helios* of sandbagging disclosures to gain an unfair advantage. Here, in contrast, Andover did not even submit an opening report from Dr. Mackay, and the testing Dr. Mackay submitted for the first time in reply has nothing to do with the testing Andover's first expert submitted during opening reports—a fact that Andover does not dispute. Unlike in *Helios*, Andover's conduct during expert discovery shows that Andover is trying to obtain improper advantages by skirting the rules and manipulating the Court's Scheduling Order.

D.  **Andover's Justifications For Its Three Untimely Reports Do Not Excuse Its Conduct.**

Andover's excuses for its untimely reports boil down to Andover wanting "additional time" to complete testing, forgetting to do other testing, and trying to fix the fact that it destroyed evidence. None of these excuses justify its three untimely reports, and Andover cites no authority excusing its conduct. At bottom, Andover's conduct during expert discovery shows a lack of diligence that Andover tried to cure, not by seeking relief from the Court, but by self-granting numerous extensions. The Court's Scheduling Order is clear that "No other expert reports will be permitted without either consent of all parties or leave of the Court," (D.I. 53 at 4), and Andover provides no legitimate reason why it should be excused from this clear requirement.

***

3M requests that the Court Strike Dr. Mackay's Reply Report (Ex. 6), Dr. Mackay's Supplemental Expert Report (Ex. 9), and Mr. Murphy's two supplemental reports, (Exs. 5, 10). In the alternative, 3M requests that the Court allow it to submit a sur-reply to Dr. Mackay's Reply report.

Respectfully,

/s/ *Douglas E. McCann*

Douglas E. McCann